### Ari Davis & another *v.* Darius Whithead.

In *scire facias* against an indorser, declarations of the defendant to an officer who is seeking to collect of him the execution issued on the judgment in the original suit are competent.

Such action may be maintained without proving a prior arrest of the judgment debtor on the execution, or a return of the execution into the clerk's office.

Scire facias against an indorser of a writ. At the trial in the superior court the plaintiff introduced a deputy sheriff as a witness, to prove declarations of the defendant in reply to a demand upon him by the witness for payment of the execution for costs in the original action. These were objected to on the ground that whatever took place should appear in the officer's return, and could not be proved by oral testimony; but *Vose*, J. admitted them. No proof was offered of an arrest of the judgment debtor on the execution, or that the execution was ever returned into the clerk's office. The officer's return, however, showed that he had made diligent search for goods and estate of the judgment debtor, and for his body, but could find neither; and that he had demanded of the defendant money or goods to satisfy the execution. Under the instructions of the court the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. Ladd*, for the defendant.

*A. R. Brown*, for the plaintiffs.

Bigelow, C. J. The declarations of the defendant relevant to the issue were clearly competent. It does not appear that any inquiry was made of him concerning immaterial facts calculated to prejudice his defence. All that was necessary for the plaintiff to prove in order to maintain his suit was the " avoidance or inability " of the plaintiff in the original suit to pay the costs awarded against him in that suit. Rev. Sts. *c.* 90, §§ 10, 11. This was sufficiently proved by the officer's return indorsed on the execution. It was not necessary to show an arrest of the body of the original plaintiff, nor that the execution had been returned into the clerk's office.      *Exceptions overruled.*